UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD WINDORF,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CLARK COUNTY DETENTION CENTER, *et al.*,<br><br>　　　　Defendants. | Case No. 2:14-cv-01821-APG-PAL<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 27) |

　　　　Pursuant to the screening order in this case, plaintiff Ronald Windorf's only claim against defendant Derek Lowery was for Eighth Amendment deliberate indifference to unsafe conditions in count two of the amended complaint. ECF No. 11 at 6. This claim is based on Windorf's allegation that he told Lowery a leaky dishwasher was causing flooding, Lowery failed to fix it, and Windorf slipped on water and fell, injuring his knee. *Id.*

　　　　Lowery moves for summary judgment, arguing he did not act with deliberate indifference, a slippery floor is not by itself a sufficiently serious safety risk to support an Eighth Amendment claim, there is no policy or custom to support an official capacity claim, and he is entitled to qualified immunity. ECF No. 27. Windorf did not respond.

　　　　In support of his motion, Lowery avers that when he arrived for his shift on the day of the alleged incident, he was not informed of any issues from the day shift. ECF No. 27 at 15. He then conducted a walkthrough but noted no issues. *Id.* at 15. Shortly after that, Windorf entered his office and stated that he had slipped and hurt his knee while working in the kitchen. *Id.* at 15. Lowery contacted medical staff and Windorf was taken to the infirmary. *Id.* at 15. Lowery denies that Windorf told him about any safety issues with the kitchen floor prior to Windorf reporting the slip and fall. *Id.* Lowery also denies that he threatened Windorf with administrative segregation if Windorf refused to work. *Id.* at 16. Windorf presents no contrary evidence.

Windorf has not presented any evidence raising an issue of fact that Lowery knew of and disregarded a substantial risk of serious harm. *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). Consequently, I would grant summary judgment in Lowery's favor except that he did not sign the affidavit attached to his motion. *See* ECF No. 27 at 16. I therefore cannot grant the motion. Instead, I will allow Lowery a brief opportunity to submit a signed copy of his affidavit.

IT IS THEREFORE ordered that defendant Derek Lowery shall have until January 13, 2017 to submit a signed affidavit in support of his motion for summary judgment. If Lowery files a signed affidavit, I will grant his summary judgment motion (ECF No. 27). If he does not, then I will deny the summary judgment motion.

DATED this 19th day of December, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE